**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000846
24-APR-2014
08:53 AM**

NO. CAAP-12-0000846

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NATIONSTAR MORTGAGE LLC, Plaintiff-Appellee, v.
DOUGLAS LEOPOLD, Defendant-Appellant, and
ANNETTE CRISANTI; JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE
ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-652K)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Douglas Leopold (**Leopold**) appeals *pro se* from the Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint filed December 29, 2011 (**Judgment**), which was entered in favor of Plaintiff-Appellee Nationstar Mortgage LLC (**Nationstar**) on November 15, 2012, by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

Leopold's opening brief is woefully non-compliant with the requirements of Hawai'i Rules of Appellate Procedure Rule 28

---

[1]   The Honorable Ronald Ibarra presided.

including, most importantly, that it fails to identify points of error or cite to the record on appeal. We, nevertheless, have attempted to review the merits of Leopold's arguments. See O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994) ("the policies of this court are to permit litigants to appeal and to have their cases heard on the merits, where possible") (citations omitted); see also Hawaiian Props., Ltd. v. Tauala, 125 Hawai'i 176, 181 n.6, 254 P.3d 487, 492 n.6 (App. 2011).

Upon review, Leopold's contention that the Circuit Court lacked jurisdiction over this foreclosure case is without merit. See Hawaii Revised Statutes § 603-21.7(a)(3). Leopold's filing of a document entitled "Notice of Final Determination and Judgment in Nihil Dicit" did not deprive the Circuit Court of jurisdiction over this case. Leopold's related contention that Judge Ibarra was required thereafter to recuse himself is not supported by the record in this case or applicable law.

Based on the undisputed evidence in the record in conjunction with Nationstar's August 10, 2012 motion for summary judgment and an interlocutory decree of foreclosure, Nationstar established a prima facie case in support of the requested relief. See Bank of Honolulu v. Anderson, 3 Haw. App. 545, 550, 654 P.2d 1370, 1375 (1982). Although Leopold later filed a motion to dismiss the case, which was properly denied, he failed to timely file an answer to the complaint, failed to seek relief from an entry of default, and failed to submit affidavits or other evidence creating any genuine issue of material fact. To

2

the extent we can make them out, Leopold's other arguments are unsupported by the record in this case and/or applicable law, and therefore are without merit.

For these reasons, the Circuit Court's November 15, 2012 Judgment is affirmed.

DATED: Honolulu, Hawai'i, April 24, 2014.

On the briefs:

Douglas Leopold
Defendant-Appellant

Robert E. Chapman
Mary Martin
(Clay Chapman Iwamura
 Pulice & Nervell)
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3